WO                                                                                          JL

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Travis Charles Hughes, | No.  CV 20-08246-PCT-MTL (ESW) |
| Plaintiff, | |
| v. | **ORDER** |
| David Shinn, et al., | |
| Defendants. | |

On September 18, 2020, Plaintiff Travis Charles Hughes, who is confined in the Arizona State Prison-Kingman, filed a pro se civil rights Complaint pursuant to 42 U.S.C. § 1983 (Doc. 1), an Application to Proceed In Forma Pauperis, a "Motion for a TRO and a and Preliminary Injunction" ("Motion for TRO") (Doc. 4), a "Request for Certification as a 'Class' Per Rule 23(c)(1)(a)" ("Request for Class Certification") (Doc. 6), and a "Motion for the Appointment of Counsel Pursuant to § 1915" ("Motion for Appointment of Counsel") (Doc. 7).   In a September 24, 2020 Order, the Court denied Plaintiff's Application to Proceed and gave him 30 days to pay the $350.00 filing fee and $50.00 administrative fee.

On November 9, 2020, Plaintiff paid the filing and administrative fees.  The Court will deny Plaintiff's Motions and dismiss the Complaint with leave to amend.

## I.    Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity.  28

JDDL-K

U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1)–(2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added).  While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.  Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id.* at 681.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).  A "complaint [filed by a pro se prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)).

If the Court determines that a pleading could be cured by the allegation of other facts, a pro se litigant is entitled to an opportunity to amend a complaint before dismissal of the action. *See Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (en banc).

Plaintiff's Complaint will be dismissed for failure to state a claim, but because it may possibly be amended to state a claim, the Court will dismiss it with leave to amend.

**II.      Complaint**

In his three-count Complaint, Plaintiff sues Arizona Department of Corrections (ADC) Director David Shinn, Warden Jeff Wrigley, GEO Group Incorporated ("GEO Group"), and Correct Care Solutions/WellPath ("CCS"). Plaintiff asserts claims of a threat to his safety, constitutionally inadequate medical care, and violation of the Americans with Disabilities Act (ADA) and the Rehabilitation Act (RA). He seeks monetary and injunctive relief, as well as his costs of suit.

In Count One, Plaintiff alleges that in January 2019, apparently while using recreation equipment, he suffered an abdominal hernia that quickly developed into a life-threatening condition. Plaintiff claims this injury was preventable and could have been avoided with posted warnings or instructions on the equipment.

Plaintiff alleges that Defendant GEO Group's Inmate Handbook provides that when using recreation equipment, safety practices must be followed. According to Plaintiff, this statement "is an admission" by Defendants that exercise "might be a hazardous activity" that requires "heightened awareness of possible risks" and adherence to safety practices. Plaintiff claims that safety is not a "basic human instinct," and sometimes it is "the antithesis to our fallible nature." Despite this, Plaintiff contends, Defendants do not post instructions or warnings on recreation equipment or pamphlets regarding use of the equipment. Plaintiff asserts no training is provided and no "specialized employees [are] retained." Thus, according to Plaintiff, Defendants show deliberate indifference to prisoners' safety with respect to recreation equipment.

In Count Two, Plaintiff asserts a claim under the ADA/RA. He alleges that the hernia he suffered significantly restricted his mobility over the last 18 months, and recreational activities are impossible. As a result, Plaintiff has gained more than 100 pounds. Sitting or standing for more than 15 minutes is extremely painful, and Plaintiff has had to modify how he showers and defecates, as well as other activities of daily living.

1   Plaintiff's sleep is severely disrupted, and he cannot carry even light objects.  He walks
2   unsteadily and frequently falls.  On one occasion, he "blew out" his knee and had to use
3   crutches for weeks.  Plaintiff alleges that Defendants have not provided a permanent
4   walking device, such as a cane, any pain management, heat therapy or "TENS," a double
5   mattress, physical therapy, or other medical care that would allow Plaintiff to participate
6   in prison programming.  It is painful for Plaintiff to sit and do homework for his mandatory
7   prison classes.

8       In the last 18 months, Plaintiff has requested and been denied an inmate porter, who
9   could help Plaintiff access prison services, such as the law library, the dining hall, modified
10  recreation, basic hygiene, the prison store, and property.  Plaintiff alleges he is a qualified
11  individual with a disability under the ADA and RA and is being denied reasonable
12  accommodations for his disability.  He asserts he does not have meaningful access to
13  programs, and the programs in which he does participate cause him pain or are dangerous
14  because the prison has failed to accommodate his disability.

15      In Count Three, Plaintiff alleges that in January 2019, while he was using recreation
16  equipment, Plaintiff "literally felt [his] stomach 'tear.'"  He immediately rested, but the
17  pain dramatically increased over the next couple of days.  Plaintiff sought medical care and
18  was issued a hernia belt and a bottom bunk.  Defendant CCS only advised Plaintiff to buy
19  pain relievers at the prison store.

20      Plaintiff's abdominal protrusion quickly grew from the size of a pea to the size of a
21  large grapefruit.  The pain was unbearable, and Plaintiff could no longer exercise and had
22  difficulty getting out of bed.  Plaintiff gained more than 100 pounds in less than a year, and
23  his feet, which were "already exposed to a prior injury," "suffered greatly."  Defendant
24  CCS "would not take x-rays" or send Plaintiff to a specialist for treatment.  Plaintiff's back
25  began to ache, and the pain later became "stabbing."  Plaintiff could also "hear the
26  vertebrae crack."  Defendant CCS still "would not take imaging," provide heat therapy or
27  TENS, or provide any pain management, such as medication.  Plaintiff's gait became very
28  unstable, and he was prone to frequent and painful falls.

As his injury, Plaintiff asserts he is bedridden; "on the verge of death"; has difficulty caring for himself; has gained substantial weight; and suffers severe knee, back, and foot pain and deteriorating mental health.

**III.   Failure to State a Claim**

**A.   ADA/RA**

Under Title II of the Americans with Disabilities Act (ADA), "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity."  42 U.S.C. § 12132.  Title II of the ADA "authorizes suits by private citizens for money damages against public entities that violate § 12132."  *United States v. Georgia*, 546 U.S. 151, 154 (2006).  As used in this provision, a "public entity" is defined in part as "(A) any State or local government; [or] (B) any department, agency, special purpose district, or other instrumentality of a State or States or local government . . . ."  42 U.S.C. § 12131.  Therefore, a plaintiff must maintain an ADA claim against a person in that person's official capacity.  *Walsh v. Nev. Dep't of Human Resources*, 471 F.3d 1033, 1037 (9th Cir. 2006) ("individual defendants cannot be held personally liable for violations of the ADA"); *Vinson v. Thomas*, 288 F.3d 1145, 1156 (9th Cir. 2002) (a plaintiff cannot sue state officials in their individual capacities under § 1983 to vindicate rights created by Title II of the ADA because those claims are barred by the comprehensive remedial scheme of that Act).

In addition, while the Ninth Circuit has yet to reach the issue, it is the "prevailing view in the circuit courts that government contractors are not liable under Title II." *Wilkins-Jones v. County of Alameda*, 859 F. Supp. 2d 1039, 1045 (N.D. Cal. 2012) (deferring to prevailing view in case involving private company that provided medical services to county jail); *see also Edison v. Douberly*, 604 F.3d 1307, 1310 (11th Cir. 2010) (denying Title II claim against private prison management corporation); *Matthews v. Penn. Dep't of Corr.*, 613 F. App'x 163, 169-70 (3d Cir. 2015) (private contractor that provided medical services for state prisoners); *Rodrigues v. Ariz. Dep't of Corr.*, No. CV 12–8071–

PCT– DGC (LOA), 2012 WL 6200624, at *9-10 (D. Ariz. Dec. 12, 2012) (private prison operator); *Castle v. Eurofresh, Inc*., 734 F. Supp. 2d 938, 943 (D. Ariz. 2010) (private company that employed state prisoners).

The Court concludes that Plaintiff cannot assert an ADA claim against private entities GEO Group and CCS.  And he has not asserted an ADA claim against the individual Defendants in their official capacities.  Even if he had named a Defendant in his or official capacity, Plaintiff fails to state an ADA claim.  To state a claim under the ADA, a plaintiff must allege that: "(1) he is an individual with a disability; (2) he is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities; (3) he was either excluded from participation in or denied the benefits of the public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (4) such exclusion, denial of benefits, or discrimination was by reason of [his] disability."  *McGary v. City of Portland,* 386 F.3d 1259, 1265 (9th Cir. 2004) (alteration in original) (quoting *Thompson v. Davis,* 295 F.3d 890, 895 (9th Cir. 2002)) (internal quotation marks omitted).  Furthermore, "[t]o recover monetary damages under Title II of the ADA, a plaintiff must prove intentional discrimination on the part of the defendant."  *Duvall v. County of Kitsap*, 260 F.3d 1124, 1138 (9th Cir. 2001).  To show discriminatory intent, a plaintiff must establish deliberate indifference by the public entity, which requires: (1) knowledge that a harm to a federally protected right is substantially likely, and (2) a failure to act upon that likelihood.  *Id*. at 1138-39; *see also T.B. ex rel. Brenneise v. San Diego Unified Sch. Dist*., 806 F.3d 451, 467 (9th Cir. 2015) (a plaintiff seeking monetary damages under the ADA or Rehabilitation Act "must show that the defendant acted with intent to deny him the benefits of the public program or a reasonable accommodation").

Plaintiff's allegations are too vague and conclusory to support a conclusion that Defendants Shinn and Wrigley knew that a harm to Plaintiff's Eighth Amendment rights was substantially likely and failed to act upon that likelihood.  Plaintiff does not identify when and how these Defendants became aware of his disability and his need for

accommodations.   Moreover, Plaintiff he has failed to allege any facts to support a
conclusion that Defendant acted with an *intent* to deny him the benefits of a public program
or a reasonable accommodation.   As presented, Plaintiff has failed to state a claim under
the ADA.  The Court will therefore dismiss Count Two.

### B.   Defendants GEO Group and CCS

To state a claim under § 1983 against a private entity performing a traditional public
function, a plaintiff must allege facts to support that his constitutional rights were violated
as a result of a policy, decision, or custom promulgated or endorsed by the private entity.
*See Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138-39 (9th Cir. 2012); *Buckner v. Toro*,
116 F.3d 450, 452 (11th Cir. 1997) (per curiam).  A plaintiff must allege the specific policy
or custom and how it violated his constitutional rights.  A private entity is not liable merely
because it employs persons who allegedly violated a plaintiff's constitutional rights.  *See
Tsao*, 698 F.3d at 1139; *Buckner*, 116 F.3d at 452.

Plaintiff does not allege that any of the conduct described in the Complaint was the
result of a specific policy or custom of Defendants GEO Group and CCS.  Thus, the Court
will dismiss without prejudice Defendants GEO Group and CCS.

### C.   Defendants Shinn and Wrigley

To state a valid claim under § 1983, plaintiffs must allege that they suffered a
specific injury as a result of specific conduct of a defendant and show an affirmative link
between the injury and the conduct of that defendant.  *See Rizzo v. Goode*, 423 U.S. 362,
371-72, 377 (1976).  There is no respondeat superior liability under § 1983, and therefore,
a defendant's position as the supervisor of persons who allegedly violated Plaintiff's
constitutional rights does not impose liability.  *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658
(1978); *Hamilton v. Endell*, 981 F.2d 1062, 1067 (9th Cir. 1992); *Taylor v. List*, 880 F.2d
1040, 1045 (9th Cir. 1989).  "Because vicarious liability is inapplicable to *Bivens* and
§ 1983 suits, a plaintiff must plead that each Government-official defendant, through the
official's own individual actions, has violated the Constitution."  *Iqbal*, 556 U.S. at 676.

JDDL-K

Plaintiff has not alleged that Defendants Shinn and Wrigley personally participated in a deprivation of Plaintiff's constitutional rights, were aware of a deprivation and failed to act, or formed policies that resulted in Plaintiff's injuries.  Indeed, Plaintiff makes no specific allegations at all against Defendants Shinn and Wrigley.  Thus, the Court will dismiss without prejudice Defendants Shinn and Wrigley.

**IV.     Leave to Amend**

For the foregoing reasons, Plaintiff's Complaint will be dismissed for failure to state a claim upon which relief may be granted.  Within 30 days, Plaintiff may submit a first amended complaint to cure the deficiencies outlined above.  The Clerk of Court will mail Plaintiff a court-approved form to use for filing a first amended complaint.  If Plaintiff fails to use the court-approved form, the Court may strike the amended complaint and dismiss this action without further notice to Plaintiff.

Plaintiff must clearly designate on the face of the document that it is the "First Amended Complaint."  The first amended complaint must be retyped or rewritten in its entirety on the court-approved form and may not incorporate any part of the original Complaint by reference.  Plaintiff may include only one claim per count.

A first amended complaint supersedes the original Complaint.  *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992); *Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990).  After amendment, the Court will treat the original Complaint as nonexistent.  *Ferdik*, 963 F.2d at 1262.  Any cause of action that was raised in the original Complaint and that was voluntarily dismissed or was dismissed without prejudice is waived if it is not alleged in a first amended complaint.  *Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc).

If Plaintiff files an amended complaint, Plaintiff must write short, plain statements telling the Court: (1) the constitutional right Plaintiff believes was violated; (2) the name of the Defendant who violated the right; (3) exactly what that Defendant did or failed to do; (4) how the action or inaction of that Defendant is connected to the violation of Plaintiff's constitutional right; and (5) what specific injury Plaintiff suffered because of

1    that Defendant's conduct. *See Rizzo*, 423 U.S. at 371-72, 377.

2        Plaintiff must repeat this process for each person he names as a Defendant. If

3    Plaintiff fails to affirmatively link the conduct of each named Defendant with the specific

4    injury suffered by Plaintiff, the allegations against that Defendant will be dismissed for

5    failure to state a claim. **Conclusory allegations that a Defendant or group of**

6    **Defendants has violated a constitutional right are not acceptable and will be**

7    **dismissed**.

8        If Plaintiff files an amended complaint, he should be aware that a convicted

9    prisoner's claim for threat to safety or failure to protect arises under the Eighth

10    Amendment. *Bell v. Wolfish*, 441 U.S. 520, 535 & n.16 (1979). To state a claim for failure

11    to protect or threats to safety, a prisoner must allege facts to support that he was

12    incarcerated under conditions posing a substantial risk of harm and that prison officials

13    were "deliberately indifferent" to those risks. *Farmer v. Brennan*, 511 U.S. 825, 832-33

14    (1994). To adequately allege deliberate indifference, a plaintiff must allege facts to support

15    that a defendant knew of, but disregarded, an excessive risk to inmate safety. *Id*. at 837.

16    That is, "the official must both [have been] aware of facts from which the inference could

17    be drawn that a substantial risk of serious harm exist[ed], and he must also [have] draw[n]

18    the inference." *Id*.

19        Plaintiff should also take note that not every claim by a prisoner relating to

20    inadequate medical treatment states a violation of the Eighth Amendment. To state a

21    § 1983 medical claim, a plaintiff must show (1) a "serious medical need" by demonstrating

22    that failure to treat the condition could result in further significant injury or the unnecessary

23    and wanton infliction of pain and (2) the defendant's response was deliberately indifferent.

24    *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006).

25        "Deliberate indifference is a high legal standard." *Toguchi v. Chung*, 391 F.3d

26    1051, 1060 (9th Cir. 2004). To act with deliberate indifference, a prison official must both

27    know of and disregard an excessive risk to inmate health; "the official must both be aware

28    of facts from which the inference could be drawn that a substantial risk of serious harm

exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837. Deliberate indifference in the medical context may be shown by a purposeful act or failure to respond to a prisoner's pain or possible medical need and harm caused by the indifference. *Jett*, 439 F.3d at 1096. Deliberate indifference may also be shown when a prison official intentionally denies, delays, or interferes with medical treatment or by the way prison doctors respond to the prisoner's medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976); *Jett*, 439 F.3d at 1096.

Deliberate indifference is a higher standard than negligence or lack of ordinary due care for the prisoner's safety. *Farmer*, 511 U.S. at 835. "Neither negligence nor gross negligence will constitute deliberate indifference." *Clement v. Cal. Dep't of Corr.*, 220 F. Supp. 2d 1098, 1105 (N.D. Cal. 2002); *see also Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980) (mere claims of "indifference," "negligence," or "medical malpractice" do not support a claim under § 1983). "A difference of opinion does not amount to deliberate indifference to [a plaintiff's] serious medical needs." *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989). A mere delay in medical care, without more, is insufficient to state a claim against prison officials for deliberate indifference. *See Shapley v. Nev. Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985). The indifference must be substantial. The action must rise to a level of "unnecessary and wanton infliction of pain." *Estelle*, 429 U.S. at 105.

## V.    Pending Motions

### A.    Motion for TRO

In his Motion for TRO, Plaintiff requests emergency surgery to cure his potentially fatal hernia and evaluation of his ankles, knees, and back, such as x-rays, an ultrasound, or an MRI. Plaintiff also seeks medical devices to ensure safe mobility, such as a cane, orthopedic shoes, and back, knee, and ankle supports, as well as an inmate porter. Plaintiff further requests effective pain management by way of medication and othertherapies, such as heat therapy, TENS, and physical therapy.

Whether to grant or deny a motion for a temporary restraining order or preliminary

injunction is within the Court's discretion.  *See Miss Universe, Inc. v. Flesher*, 605 F.2d 1130, 1132-33 (9th Cir. 1979).  A temporary restraining order can be issued without notice

> only if: (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; **and** (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1) (emphasis added).  *See also* LRCiv 65.1 ("*Ex parte* restraining orders shall only issue in accordance with Rule 65, Federal Rules of Civil Procedure.").

Plaintiff has not shown that he will suffer irreparable injury before Defendants can be heard in opposition and has not certified the "efforts made to give notice and the reasons why it should not be required."  Fed. R. Civ. P. 65(b)(1)(B).  Because the request for a temporary restraining order fails to comply with Rule 65(b)(1)(B), the Court, in its discretion, will deny without prejudice Plaintiff's request for a temporary restraining order. *See* LRCiv 65.1.  *See also Am. Can Co. v. Mansukhani*, 742 F.2d 314, 321 (7th Cir. 1984) (district court abused its discretion in granting ex parte temporary restraining order "when there was no valid reason for proceeding ex parte and by disregarding the strict procedural requirements of Fed. R. Civ. P. 65(b) for the issuance of such ex parte orders"); *Adobe Sys., Inc. v. S. Sun Prods., Inc.*, 187 F.R.D. 636, 643 (S.D. Cal. 1999).

To obtain a preliminary injunction, the moving party must show "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).  The moving party has the burden of proof on each element of the test.  *Envt'l Council of Sacramento v. Slater*, 184 F. Supp. 2d 1016, 1027 (E.D. Cal. 2000).

Because the Court has dismissed Plaintiff's Complaint, Plaintiff has necessarily failed to show he is likely to succeed on the merits of that claim.  Thus, the Court will deny the portion of the Motion that seeks a preliminary injunction.

. . . .

JDDL-K

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### B.    Request for Class Certification

One of the prerequisites for a class action is that "the representative parties will fairly and adequately protect the interests of the class."   Fed. R. Civ. P. 23(a)(4).  A class action may not be certified where the representative parties are without counsel.  *See McShane v. United States*, 366 F.2d 286, 288 (9th Cir. 1966) (non-lawyer had no authority to appear as an attorney for other persons in a purported class action); *see also C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987) (while a non-attorney may represent himself, he has no authority to appear as an attorney for others); *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975) (plain error to permit a prisoner proceeding pro se to represent fellow prisoners in a class action).  "This rule is an outgrowth not only of the belief that a layman, untutored in the law, cannot 'adequately represent' the interests of the members of the 'class,' but also out of the long-standing general prohibition against even attorneys acting as both class representative and counsel for the class."  *Huddleston v. Duckworth*, 97 F.R.D. 512, 514 (N.D. Ind. 1983).

Plaintiff is proceeding pro se and this case therefore cannot be certified as a class action unless counsel is appointed.  The Court declines to appoint counsel and certify a class because Plaintiff has not shown that the four prerequisites to a class action under Rule 23(a) of the Federal Rules of Civil Procedure, that is, numerosity, typicality, commonality, and adequacy of representation, are met in this case.  Plaintiff's Motion to Certify class will therefore be denied.

### C.    Motion for Appointment of Counsel

There is no constitutional right to the appointment of counsel in a civil case.  *See Ivey v. Bd. of Regents*, 673 F.2d 266, 269 (9th Cir. 1982).  In proceedings in forma pauperis, the court may request an attorney to represent any person unable to afford one.  28 U.S.C. § 1915(e)(1).  Appointment of counsel under 28 U.S.C. § 1915(e)(1) is required only when "exceptional circumstances" are present.  *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).  A determination with respect to exceptional circumstances requires an evaluation of the likelihood of success on the merits as well as the ability of Plaintiff to articulate his

JDDL-K

claims pro se in light of the complexity of the legal issue involved. *Id.* "Neither of these factors is dispositive and both must be viewed together before reaching a decision." *Id.* (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

Having considered both elements, it does not appear at this time that exceptional circumstances are present that would require the appointment of counsel in this case. Plaintiff is in no different position than many pro se prisoner litigants. Thus, the Court will deny without prejudice Plaintiff's Motion for Appointment of Counsel.

## VI. Warnings

### A. Address Changes

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

### B. Possible "Strike"

Because the Complaint has been dismissed for failure to state a claim, if Plaintiff fails to file an amended complaint correcting the deficiencies identified in this Order, the dismissal may count as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g). Under the 3-strikes provision, a prisoner may not bring a civil action or appeal a civil judgment in forma pauperis under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

### C. Possible Dismissal

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. *See Ferdik*, 963 F.2d at 1260-61 (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

     (1)     The Complaint (Doc. 1) is **dismissed** for failure to state a claim.  Plaintiff has **30 days** from the date this Order is filed to file a first amended complaint in compliance with this Order.

     (2)     If Plaintiff fails to file an amended complaint within 30 days, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action with prejudice that states that the dismissal may count as a "strike" under 28 U.S.C. § 1915(g) and deny any pending unrelated motions as moot.

     (3)     Plaintiff's "Motion for a TRO and a and Preliminary Injunction" (Doc. 4), "Request for Certification as a 'Class' Per Rule 23(c)(1)(a)" (Doc. 6), and "Motion for the Appointment of Counsel Pursuant to § 1915" (Doc. 7) are **denied**.

     (4)     The Clerk of Court must mail Plaintiff a court-approved form for filing a civil rights complaint by a prisoner.

     Dated this 13th day of November, 2020.

Michael T. Liburdi
United States District Judge

JDDL-K

- 14 -

**Instructions for a Prisoner Filing a Civil Rights Complaint
in the United States District Court for the District of Arizona**

1. <u>Who May Use This Form</u>.   The civil rights complaint form is designed to help incarcerated persons prepare a complaint seeking relief for a violation of their federal civil rights.   These complaints typically concern, but are not limited to, conditions of confinement.   **This form should not be used to challenge your conviction or sentence**.   If you want to challenge a state conviction or sentence, you should file a petition under 28 U.S.C. § 2254 for a writ of habeas corpus by a person in state custody.   If you want to challenge a federal conviction or sentence, you should file a motion under 28 U.S.C. § 2255 to vacate sentence in the federal court that entered the judgment.

2. <u>The Form</u>.   **Local Rule of Civil Procedure (LRCiv) 3.4(a) provides that complaints by incarcerated persons must be filed on the court-approved form.**   The form must be typed or neatly handwritten. The form must be completely filled in to the extent applicable.   All questions must be answered clearly and concisely in the appropriate space on the form.   If needed, you may attach additional pages, **but no more than fifteen additional pages**, of standard letter-sized paper.   You must identify which part of the complaint is being continued and number all pages. If you do not fill out the form properly, you will be asked to submit additional or corrected information, which may delay the processing of your action.   You do not need to cite law.

3. <u>Your Signature</u>.   You must tell the truth and sign the form.   If you make a false statement of a material fact, you may be prosecuted for perjury.

4. <u>The Filing and Administrative Fees</u>.   The total fees for this action are $400.00 ($350.00 filing fee plus $50.00 administrative fee).   If you are unable to immediately pay the fees, you may request leave to proceed in forma pauperis.   Please review the "Information for Prisoners Seeking Leave to Proceed with a (Non-Habeas) Civil Action in Federal Court In Forma Pauperis Pursuant to 28 U.S.C. § 1915" for additional instructions.

5. <u>Original and Judge's Copy</u>.   You must send an **original plus one copy** of your complaint and of any other documents submitted to the Court.   You must send one additional copy to the Court if you wish to have a file-stamped copy of the document returned to you.   All copies must be identical to the original.   Copies may be legibly handwritten.   **This section does not apply to inmates housed at an Arizona Department of Corrections facility that participates in electronic filing.**

6. <u>Where to File</u>.   You should file your complaint in the division **where you were confined when your rights were allegedly violated**.   *See* LRCiv 5.1(a) and 77.1(a).   If you were confined in Maricopa, Pinal, Yuma, La Paz, or Gila County, file in the Phoenix Division.   If you were confined in Apache, Navajo, Coconino, Mohave, or Yavapai County, file in the Prescott Division. If you were confined in Pima, Cochise, Santa Cruz, Graham, or Greenlee County, file in the Tucson Division.   **Mail the original and one copy of the complaint with the $400 filing and administrative fees or the application to proceed in forma pauperis to:**

<u>Phoenix & Prescott Divisions</u>:          **OR**          <u>Tucson Division</u>:
U.S. District Court Clerk                                      U.S. District Court Clerk
U.S. Courthouse, Suite 130                              U.S. Courthouse, Suite 1500
401 West Washington Street, SPC 10            405 West Congress Street
Phoenix, Arizona   85003-2119                        Tucson, Arizona   85701-5010

7.   <u>Change of Address</u>.   You must immediately notify the Court and the defendants in writing of any change in your mailing address.   **Failure to notify the Court of any change in your mailing address may result in the dismissal of your case.**

8.   <u>Certificate of Service</u>.   You must furnish the defendants with a copy of any document you submit to the Court (except the initial complaint and application to proceed in forma pauperis). Each original document (except the initial complaint and application to proceed in forma pauperis) must include a certificate of service on the last page of the document stating the date a copy of the document was mailed to the defendants and the address to which it was mailed.   *See* Fed. R. Civ. P. 5(a), (d).   Any document received by the Court that does not include a certificate of service may be stricken.   **This section does not apply to inmates housed at an Arizona Department of Corrections facility that participates in electronic filing.**
       A certificate of service should be in the following form:

              I hereby certify that a copy of the foregoing document was mailed
              this _____ (month, day, year) to:
              Name: _____
              Address:_____
                          Attorney for Defendant(s)

              _____
              (Signature)

9.   <u>Amended Complaint</u>.   If you need to change any of the information in the initial complaint, you must file an amended complaint.   The amended complaint must be written on the court-approved civil rights complaint form.   You may file one amended complaint without leave (permission) of Court within 21 days after serving it or within 21 days after any defendant has filed an answer, whichever is earlier.   *See* Fed. R. Civ. P. 15(a).   Thereafter, you must file a motion for leave to amend and lodge (submit) a proposed amended complaint.   LRCiv 15.1.   In addition, an amended complaint may not incorporate by reference any part of your prior complaint.   LRCiv 15.1(a)(2).   **Any allegations or defendants not included in the amended complaint are considered dismissed**.   All amended complaints are subject to screening under the Prison Litigation Reform Act; screening your amendment will take additional processing time.

10.   <u>Exhibits</u>.   You should not submit exhibits with the complaint or amended complaint. Instead, the relevant information should be paraphrased.   You should keep the exhibits to use to support or oppose a motion to dismiss, a motion for summary judgment, or at trial.

11.   <u>Letters and Motions</u>.   It is generally inappropriate to write a letter to any judge or the staff of any judge.   The only appropriate way to communicate with the Court is by filing a written pleading or motion.

12.  Completing the Civil Rights Complaint Form.

**HEADING:**

1.  Your Name.  Print your name, prison or inmate number, and institutional mailing address on the lines provided.

2.  Defendants.  If there are **four or fewer** defendants, print the name of each.  If you name **more than four** defendants, print the name of the first defendant on the first line, write the words "and others" on the second line, and attach an additional page listing the names of **all** of the defendants.  Insert the additional page after page 1 and number it "1-A" at the bottom.

3.  Jury Demand.  If you want a jury trial, you must write "JURY TRIAL DEMANDED" in the space below "CIVIL RIGHTS COMPLAINT BY A PRISONER."  Failure to do so may result in the loss of the right to a jury trial.  A jury trial is not available if you are seeking only injunctive relief.

**Part A.   JURISDICTION:**

1.  Nature of Suit. Mark whether you are filing the complaint pursuant to 42 U.S.C. § 1983 for state, county, or city defendants; "*Bivens v. Six Unknown Federal Narcotics Agents*" for federal defendants; or "other."  If you mark "other," identify the source of that authority.

2.  Location.  Identify the institution and city where the alleged violation of your rights occurred.

3.  Defendants.  Print all of the requested information about each of the defendants in the spaces provided.  If you are naming more than four defendants, you must provide the necessary information about each additional defendant on separate pages labeled "2-A," "2-B," etc., at the bottom.   Insert the additional page(s) immediately behind page 2.

**Part B.   PREVIOUS LAWSUITS:**

You must identify any other lawsuit you have filed in either state or federal court while you were a prisoner.   Print all of the requested information about each lawsuit in the spaces provided. If you have filed more than three lawsuits, you must provide the necessary information about each additional lawsuit on a separate page.   Label the page(s) as "2-A," "2-B," etc., at the bottom of the page and insert the additional page(s) immediately behind page 2.

**Part C.   CAUSE OF ACTION:**

You must identify what rights each defendant violated.   The form provides space to allege three separate counts (**one violation per count**).   If you are alleging more than three counts, you must provide the necessary information about each additional count on a separate page.   Number the additional pages "5-A," "5-B," etc., and insert them immediately behind page 5.   Remember that you are limited to a total of fifteen additional pages.

3

1.  <u>Counts</u>.  You must identify which civil right was violated.  **You may allege the violation of only one civil right per count**.

2.  <u>Issue Involved</u>.   Check the box that most closely identifies the issue involved in your claim.  **You may check only one box per count**.   If you check the box marked "Other," you must identify the specific issue involved.

3.  <u>Supporting Facts</u>.   After you have identified which civil right was violated, you must state the supporting facts.   Be as specific as possible.   You must state what each individual defendant did to violate your rights.   If there is more than one defendant, you must identify which defendant did what act.   You also should state the date(s) on which the act(s) occurred, if possible.

4.  <u>Injury</u>.   State precisely how you were injured by the alleged violation of your rights.

5.  <u>Administrative Remedies</u>.   You must exhaust any available administrative remedies before you file a civil rights complaint.   *See* 42 U.S.C. § 1997e.   Consequently, you should disclose whether you have exhausted the inmate grievance procedures or administrative appeals for each count in your complaint.   If the grievance procedures were not available for any of your counts, fully explain why on the lines provided.

**Part D.   REQUEST FOR RELIEF:**
Print the relief you are seeking in the space provided.

**SIGNATURE:**
You must sign your name and print the date you signed the complaint.   Failure to sign the complaint will delay the processing of your action.   Unless you are an attorney, you may not bring an action on behalf of anyone but yourself.

**FINAL NOTE**

You should follow these instructions carefully.   Failure to do so may result in your complaint being stricken or dismissed.   All questions must be answered concisely in the proper space on the form.   If you need more space, you may attach no more than fifteen additional pages. But the form must be completely filled in to the extent applicable.   If you attach additional pages, be sure to identify which section of the complaint is being continued and number the pages.

_____
Name and Prisoner/Booking Number

_____
Place of Confinement

_____
Mailing Address

_____
City, State, Zip Code

**(Failure to notify the Court of your change of address may result in dismissal of this action.)**


# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

_____ ,
(Full Name of Plaintiff)

                    Plaintiff,

v.

(1) _____ ,
(Full Name of Defendant)

(2) _____ ,

(3) _____ ,

(4) _____ ,

                  Defendant(s).

☐ Check if there are additional Defendants and attach page 1-A listing them.

**CASE NO**. _____
                 (To be supplied by the Clerk)

**CIVIL RIGHTS COMPLAINT**
**BY A PRISONER**

☐ Original Complaint
☐ First Amended Complaint
☐ Second Amended Complaint


## A.   JURISDICTION

1.    This Court has jurisdiction over this action pursuant to:
        ☐ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983
        ☐ 28 U.S.C. § 1331; *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971).
        ☐ Other: _____ .

2.    Institution/city where violation occurred: _____ .

**550/555**

## B.   DEFENDANTS

1.    Name of first Defendant: _____.  The first Defendant is employed
as: _____ at_____.
(Position and Title)                                                                    (Institution)

2.    Name of second Defendant: _____.  The second Defendant is employed as:
as: _____ at_____.
(Position and Title)                                                                    (Institution)

3.    Name of third Defendant: _____.  The third Defendant is employed
as: _____ at_____.
(Position and Title)                                                                    (Institution)

4.    Name of fourth Defendant: _____.  The fourth Defendant is employed
as: _____ at_____.
(Position and Title)                                                                    (Institution)

**If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.**

## C.   PREVIOUS LAWSUITS

1.    Have you filed any other lawsuits while you were a prisoner?          ☐ Yes          ☐ No

2.    If yes, how many lawsuits have you filed? _____.   Describe the previous lawsuits:

    a.   First prior lawsuit:
        1.   Parties: _____ v. _____
        2.   Court and case number: _____.
        3.   Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
            _____.

    b.   Second prior lawsuit:
        1.   Parties: _____ v. _____
        2.   Court and case number: _____.
        3.   Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
            _____.

    c.   Third prior lawsuit:
        1.   Parties: _____ v. _____
        2.   Court and case number: _____.
        3.   Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
            _____.

**If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.**

## D.  CAUSE OF ACTION

### COUNT I

1.   State the constitutional or other federal civil right that was violated: _____
_____.

2.   **Count I**.   Identify the issue involved.   Check **only one**.   State additional issues in separate counts.
☐ Basic necessities ☐ Mail ☐ Access to the court ☐ Medical care
☐ Disciplinary proceedings ☐ Property ☐ Exercise of religion ☐ Retaliation
☐ Excessive force by an officer ☐ Threat to safety ☐ Other: _____.

3.   **Supporting Facts.**   State as briefly as possible the FACTS supporting Count I.   Describe exactly what **each Defendant** did or did not do that violated your rights.   State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury.**   State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.   **Administrative Remedies:**
     a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution? ☐ Yes ☐ No
     b.   Did you submit a request for administrative relief on Count I? ☐ Yes ☐ No
     c.   Did you appeal your request for relief on Count I to the highest level? ☐ Yes ☐ No
     d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
_____.

3

**COUNT II**

1.   State the constitutional or other federal civil right that was violated: _____
_____.

2.   **Count II.**   Identify the issue involved.   Check **only one**.   State additional issues in separate counts.
☐ Basic necessities              ☐ Mail              ☐ Access to the court              ☐ Medical care
☐ Disciplinary proceedings      ☐ Property          ☐ Exercise of religion          ☐ Retaliation
☐ Excessive force by an officer  ☐ Threat to safety  ☐ Other: _____.

3.   **Supporting Facts.**   State as briefly as possible the FACTS supporting Count II.   Describe exactly what **each Defendant** did or did not do that violated your rights.   State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury.**   State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.   **Administrative Remedies.**
   a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                                                    ☐ Yes    ☐ No
   b.   Did you submit a request for administrative relief on Count II?          ☐ Yes    ☐ No
   c.   Did you appeal your request for relief on Count II to the highest level?  ☐ Yes    ☐ No
   d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not.   _____
   _____.

4

**COUNT III**

1.   State the constitutional or other federal civil right that was violated: _____

_____.

2.   **Count III.**   Identify the issue involved.   Check **only one**.   State additional issues in separate counts.
   ☐ Basic necessities          ☐ Mail              ☐ Access to the court          ☐ Medical care
   ☐ Disciplinary proceedings   ☐ Property          ☐ Exercise of religion         ☐ Retaliation
   ☐ Excessive force by an officer   ☐ Threat to safety   ☐ Other: _____.

3.   **Supporting Facts.**   State as briefly as possible the FACTS supporting Count III.   Describe exactly what **each Defendant** did or did not do that violated your rights.   State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury.**   State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.   **Administrative Remedies.**
   a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at
        your institution?                                                                    ☐ Yes      ☐ No
   b.   Did you submit a request for administrative relief on Count III?                       ☐ Yes      ☐ No
   c.   Did you appeal your request for relief on Count III to the highest level?              ☐ Yes      ☐ No
   d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why you
        did not.   _____
        _____.

**If you assert more than three Counts, answer the questions listed above for each additional Count on a separate page.**

## E.   REQUEST FOR RELIEF

State the relief you are seeking:

_____
_____
_____
_____
_____
_____
_____.


I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____          _____
                                 DATE                                         SIGNATURE OF PLAINTIFF



_____
(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)



_____
(Signature of attorney, if any)



_____
(Attorney's address & telephone number)


## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form.   If you need more space, you may attach no more than fifteen additional pages.   But the form must be completely filled in to the extent applicable. If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages.